IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2022 MAY -3 A 9: 27
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| MICHAEL DAWKINS, | ) |
| Plaintiff, | ) CASE NO. 2:22-cv-260-WKW-SMD |
| v. | ) JURY TRIAL REQUESTED |
| KGP TELECOMMUNICATIONS INC., | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Michael Dawkins, and hereby doth complain against the above-named Defendant, as set forth below.

### I. JURISDICTION

1. Plaintiff, Michael Dawkins, files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et. seq.* to obtain equitable relief, the costs of suit, including reasonable attorneys fees, and damages suffered by the Plaintiff, due to the Defendant's violation of the FMLA.

### II. VENUE

2. Venue is proper in the Middle District of Alabama, Northern Division, since the alleged discriminating actions of Defendant, and Defendant's interference with Plaintiff's FMLA rights, occurred while Plaintiff was working for Defendant from his home in Montgomery, Alabama.

1

## III. PARTIES

3. Plaintiff, Michael Dawkins (hereinafter "Plaintiff Dawkins" or "Plaintiff"), is a 59 year old male and a citizen of the United States. At all times relevant to this Complaint, Plaintiff was employed as a program director by Defendant KGP Telecommunications Inc.

4. Defendant, KGP Telecommunications Inc. (hereinafter "Defendant KGP" or "Defendant"), does business within the United States Middle District, Northern Division, including in Montgomery County, Alabama.

## IV. FACTS

5. Mr. Michael Dawkins has worked in the construction and engineering industry for the last thirty-five (35) years. As a result, he has acquired the knowledge and skills regarding industry procedures and policies, as well as experience in safety, customer, satisfaction, quality, timeliness, and margin. Mr. Dawkins is proficient in project management, operations management, outside plant engineering/construction, forecasting, and scheduling.

6. In December 2019, Mr. Dawkins began working for KGP Telecommunications, Inc. and its subsidiary BlueStream Professional Services, LLC as a Program Director. In this position, he was responsible for all of KGP's engineering and construction operations in the State of

Alabama, hiring all internal employees and subcontractors, and the financial health of all projects.

7. From March 2020 through September 2020, Plaintiff Dawkins project revenues equaled approximately $15,000,000.00 with a 40% margin.

8. In January 2021, Plaintiff Dawkins contracted COVID-19 and was out of work on approved FMLA leave. In February 2021, while he was out on approved leave in Montgomery, Alabama, Mr. Dawkin's was informed that KGP had moved another employee into his office. However, Plaintiff continued to perform authorized work during his sickness from his home in Montgomery, Alabama.

9. On or about March 19, 2021, Plaintiff Dawkins' physician released him to work from home in Montgomery. Unfortunately, at that time Mr. Dawkins continued to have lasting side effects from COVID-19, including trouble breathing and low oxygen levels. Plaintiff Dawkins continues to suffer from these side effects today. Nonetheless, he was able to perform the necessary duties and functions of his job.

10. Plaintiff Dawkins continued working from his Montgomery home for approximately two (2) weeks but on April 8, 2021, he was terminated. Plaintiff Dawkins asked for further clarification regarding KGP's proffered reason for his termination, and Defendant KGP gave him a letter stating it was terminating him for violating corporate policies, pertaining to withholding payment, approving payments without required supporting documentation, and using a company vehicle for personal use. Plaintiff

3

Dawkins asserts that this reason for his termination was pretextual and not the real reason for his termination, which was his FMLA-excused brief absence due to Covid.

## V. COUNT ONE

### Interference With Plaintiff's Right to FMLA Benefits

11. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 10, inclusively.

12. Plaintiff avers that Defendant KGP Telecommunications, Inc. qualifies as an "employer," as that term is defined in the FMLA, 29 U.S.C. Section 2611(4), and that Plaintiff is an "eligible employee," as that term is defined in the FMLA, 29 U.S.C. Section 2611(2).

13. Plaintiff avers that there was an "entitlement to leave," as that term is defined in the FMLA, 29 U.S.C. Section 2612(1), due to (a) the immediate seriousness of Plaintiff's health condition, (b) that Plaintiff's employer knew Plaintiff had an entitlement to leave, and (c) Defendant had notice of Plaintiff's need to take FMLA leave.

14. Plaintiff avers that Defendant KGP Telecommunications, Inc. denied, and/or interfered with, Plaintiff's right to FMLA benefits, when it terminated Plaintiff, before Plaintiff could request leave for such an unforeseeable serious medical condition under the FMLA. Nonetheless, Defendant denied Plaintiff's entitlement to leave.

4

15. As a result of Defendant's denial of Plaintiff's entitlement to FMLA leave, Plaintiff has incurred a loss of wages and benefits from the date of Plaintiff's termination up to the present date.

16. The Defendant also refused to afford the Plaintiff Dawkins a reasonable accommodation of working from his Montgomery home when such accommodation cost the Defendant nothing and actually made the Defendant more profitable.

17. Plaintiff further avers that he will lose income and thus incur more damages in the future.

18. Any other reason given for Plaintiff's termination by the Defendant is pretextual.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Michael Dawkins respectfully prays that this Court grant him the following relief:

a) Judgment declaring that Defendant interfered with Plaintiff's right to FMLA benefits;

b) An award of compensatory damages for lost income and lost benefits, to which Plaintiff may be entitled;

c) An award of liquidated damages due to the Defendant's failure to take reasonable steps to ensure it was in compliance with the FMLA;

d) An award of all court costs and reasonable attorneys' fees; and

e) Such further, other and different relief as the Court may deem appropriate and necessary.

## **COUNT TWO**

### **Retaliation Against Plaintiff for Exercising FMLA Rights**

19. Plaintiff Dawkins realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 10, inclusively.

20. Plaintiff Dawkins avers that Defendant qualifies as an "employer" as that term is defined in the FMLA, 29 U.S.C. Section 2611(4), and that Plaintiff is an "eligible employee," as that term is defined in the FMLA, 29 U.S.C. Section 2611(2).

21. Plaintiff Dawkins avers that there was an "entitlement to leave" as defined in the FMLA, 29 U.S.C. Section 2612(1), because of the seriousness of Plaintiff's own health condition, which was well known by the Defendant, and that Plaintiff Dawkins was denied his entitlement to leave, as prescribed in FMLA, to recover on his own from his Covid condition.

22. Plaintiff Dawkins' supervisor was aware of Plaintiff's need to take leave to recover from his short term Covid, and further knew that Plaintiff performed his work well from his Montgomery home.

23. In a retaliatory move, Defendant terminated Plaintiff Dawkins because he took short time off due to having COVID-19.

24. As a result of Defendant's retaliation against Plaintiff Dawkins for taking FMLA time off for having COVID-19, Plaintiff Dawkins lost his job with the KGP Telecommunications, Inc. and has incurred a loss of wages and benefits.

25. Any other reason given by the Defendant for termination of the Plaintiff is pretextual.

6

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Dawkins respectfully prays that this Court grant the following relief:

a) Judgment declaring that Defendant retaliated against Plaintiff Dawkins for having exercised an FMLA right;

b) An award of compensatory damages to which Plaintiff Dawkins may be entitled;

c) An award of all court costs and reasonable attorneys' fees; and

d) Such further, other and different relief as the Court may deem appropriate and necessary.

Respectfully submitted this 2 day of MAY, 2022.

Michael Dawkins, Plaintiff.

_____
Michael Dawkins, Pro Se

## JURY DEMAND

A jury trial is requested on all issues so triable.

_____
Michael Dawkins

334.430.4953

4320 Salinas Ct

Montgomery AL, 36109

7